IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR J. RUFFIN, | ) | CASE NO. 5:15CV2718 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| ALAN LAZAROFF, | ) | JONATHAN D. GREENBERG |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local

Rule 72.2(b)(2).  Before the Court is the Petition of Arthur Ruffin ("Ruffin" or "Petitioner"), for

a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Ruffin is in the custody of the Ohio

Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case

*State v. Ruffin*, Stark County Court of Common Pleas Case No. 2013 CR 1201.  Also pending is

Petitioner's Motion for Summary Judgment, Evidentiary Hearing, and Appointment of Counsel.[1]

(Doc. No. 6.)

For the following reasons, the undersigned recommends Petitioner's motion (Doc. No. 6)

be DENIED and the Petition be DISMISSED.

---

[1] While Ruffin's motion is simply captioned "Motion for Summary Judgment," it requests
that the court "grant evidentiary hearing, appoint attorney, and make a summary judgment."
(Doc. No. 6 at 1, 2.)

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The state appellate court summarized the facts underlying Ruffin's conviction as follows:

> On September 23, 2013, the Stark County Grand Jury indicted Appellant on one count of domestic violence, in violation of R.C. 2919.25(A).  The charge was enhanced to a felony of the third degree as Appellant previously had pleaded guilty to or been convicted of two or more domestic violence charges.  The charge arose after Appellant hit and kicked his former live-in girlfriend on May 26, 2013, causing visible injuries to her face.

*State v. Ruffin*, 2015 WL 5050649 at * 1 (Ohio App. 5th Dist. Aug. 24, 2015).

## II.  Procedural History

### A.    State Court Proceedings

On September 23, 2013, a Stark County Grand Jury issued an indictment charging Ruffin with one count of domestic violence in violation of Ohio Rev. Code § 2919.25(A), noting two prior convictions for the same charge.  (Doc. No. 4-1, Exh. 2.)  Ruffin pled not guilty.  (Doc. No. 4-1, Exh. 3.)  The State then filed a superseding indictment also citing a previous conviction for aggravated assault.  (Doc. No. 4-1, Exh. 4.)  Ruffin again pled not guilty. (Doc. No. 4-1, Exh. 5.)

On December 24, 2013, Ruffin filed a motion to disallow the use of two of his prior convictions for enhancement and also moved to dismiss the indictment.  (Doc. No. 9-1, Exh. 6.)  Therein, Ruffin argued that "[i]n order for [his prior aggravated assault] conviction to be properly available for enhancement purposes in the present action, the victim in such case would have had to have been a family or household member at the time of the violation."  (*Id*.)  He

2

asserted "the victim in such case was not a family or household member and as such this conviction is improperly considered for enhancement purposes." (*Id.*) Ruffin also argued one of his prior domestic violence convictions should not be used for enhancement purposes because he was unrepresented by counsel in that matter. (*Id.*) Finally, Ruffin moved to dismiss the indictment as defective. (*Id.*)

The state trial court conducted an evidentiary hearing on the motion on January 23, 2014. (Doc. No. 4-1, Exh. 7.) On February 24, 2014, the court issued a Judgment Entry denying Ruffin's motion. (*Id.*)

The following day, on February 25, 2014, Ruffin withdrew his guilty plea and pled guilty as charged in the indictment. (Doc. No. 4-1, Exh. 9.) On March 5, 2014, the trial court issued a Judgment Entry accepting Ruffin's guilty plea. (Doc. No. 4-1, Exh. 10.) Sentencing was deferred pending the filing of a pre-sentence investigation report. (*Id.*)

On March 17, 2014, the trial court conducted a sentencing hearing, at which time it sentenced Ruffin to three (3) years of community control. (Doc. No. 4-1, Exh. 13.) The sentencing Judgment Entry, which was filed on April 2, 2014, indicated that "violation of any of the terms or conditions of this community control sanction shall lead to either a more restrictive sanction, a longer sanction, or a prison term of thirty-six (36) months." (*Id.*) Ruffin was ordered to report to the Stark County Probation Department. (*Id.*)

Ruffin moved for appointment of appellate counsel, which motion was granted "effective March 20, 2014." (Doc. No. 4-1, Exhs. 11, 12.) The trial court appointed attorney Jacob Will as appellate counsel. (Doc. No. 4-1, Exh. 12.)

On March 31, 2014, after the sentencing hearing but prior to the journalization of the

3

sentencing entry by the trial court, the probation department filed a motion to revoke Ruffin's probation or modify former order.  (Doc. No. 4-1 Exh. 14.)  The basis for this motion was that Ruffin had allegedly violated the terms of his community control when he was arrested and charged, on March 29, 2014, with domestic violence and disrupting public services in Alliance Municipal Court Case No. 2014 CRA 00489.  (*Id*.)  Ruffin also allegedly failed to comply with the Intensive Supervision Probation Program by violating Electronic Monitored House Arrest Conditions on that same date.  (*Id*.)  On April 14, 2014, the matter came before the trial court and Ruffin stipulated to a finding of probable cause.  (Doc. No. 4-1, Exh. 15.)

On May 16, 2014, Ruffin, through newly appointed counsel Jacob Will, filed a motion to vacate plea.  (Doc. No. 4-1, Exh. 17.)  Ruffin claimed he entered his plea without full knowledge of the penalties, stating "had he fully understood the ramifications of his plea, he would have pled not guilty and would have continued with the jury trial."  (*Id*.)  He also argued he had a defense to the charge; i.e., that he and the victim were not "family or household members" as required by the domestic violence statute.  (*Id*.)  Three days later, Ruffin amended his motion to vacate to further assert that, at the time he entered his plea, he was under the influence of alcohol and drugs.  (Doc. No. 4-1, Exh. 18.)  The State opposed the motions.  (Doc. No. 4-1, Exh. 19.)

On June 16, 2014, the trial court conducted a hearing on the motion to revoke probation. The court revoked the community control sanctions and sentenced Ruffin to twenty-four (24) months in prison, consecutive to his sentence of thirty-six (36) months in *State v. Ruffin*, Stark County Case No. 2014 CR 0538.[2]  (Doc. No. 4-1, Exhs. 1, 16.)  The trial court memorialized its

---

[2]  In Case No. 2014 CR 0538, Ruffin was found guilty by a jury on June 11, 2014 of one count of Domestic Violence, a felony of the third degree, in violation of Ohio Rev. Code § 2919.25(A).  (Doc. No. 4-1, Exh. 1.)

4

decision via Judgment Entry filed June 26, 2014.  (*Id.*)

Ruffin filed a *pro se* notice of appeal and motion for appointment of counsel in the Fifth District Court of Appeals of Ohio ("state appellate court") on July 25, 2014.  (Doc. No. 4-1, Exhs. 21, 28.)  Shortly thereafter, on July 28, 2014, Ruffin filed a motion for leave to file delayed appeal, in which he argued his appellate counsel, Jacob Will, failed to file a notice of appeal and instead represented him in the probation revocation hearing and filed a motion to vacate plea.  (Doc. No. 4-1, Exh. 22.)  On October 8, 2014, the state appellate court granted Ruffin's motion for delayed appeal.  (Doc. No. 4-1, Exh. 23.)

In a Judgment Entry filed November 7, 2014, the trial court indicated it had appointed Mr. Will to represent Ruffin on appeal effective March 20, 2014.  (Doc. No. 4-1, Exh. 20.)  The trial court noted Mr. Will had filed a motion to vacate plea and amended motion to vacate plea, but found it lacked jurisdiction to rule on the motions because Ruffin had already filed his *pro se* appeal.  (*Id.*)

On January 21, 2015, the state appellate court dismissed Ruffin's appeal for want of prosecution.  The appellate court later reinstated the matter, and Ruffin elected to proceed *pro se*.[3]  (Doc. No. 4-1, Exh. 23, 28.)  In his *pro se* merit brief, Ruffin raised the following three assignments of error:

---

[3]  As the state appellate court explained: "Via Judgment Entry filed January 21, 2015, this Court dismissed Appellant's appeal for want of prosecution. However, we reinstated the matter due to the fact Attorney Will was unaware of his appointment as counsel for Appellant. March 23, 2015 Judgment Entry.  Attorney Will filed a motion to withdraw, which this Court granted. We remanded the case to the trial court for appointment of replacement counsel. The trial court appointed Kristine Beard.  Appellant subsequently advised this Court he wished to represent himself, and Attorney Beard was removed as counsel of record.  April 27, 2015 Judgment Entry."  *State v. Ruffin*, 2015 WL 5050649 at * 2.

I.     The trial court erred and abused its discretion in not further inquiring in the probation violation, sentencing the appellant to consecutive sentences, for a violation occurring before sentence being journalized by the clerk, violating the appellant's right to due process under Crim. R. 32(C).

II.    Court erred, by not holding a hearing on motion to vacate plea. Violating appellant's right to due process.

III.   Statement of Constitution Claim Appellant's explicit right effective counsel under the 6th Amendment of the U.S. Constitution and Article 10 of the Ohio Constitution was violated.

(Doc. No. 4-1, Exh. 24.)  The State filed a brief in response.  (Doc. No. 4-1, Exh. 25.) Ruffin then filed a reply brief and motion to include exhibits.  (Doc. No. 4-1, Exhs. 26, 27.)

On August 24, 2015, the state appellate court affirmed the judgment of the lower court. (Doc. No. 4-1, Exhs. 28, 29.)  *See also State v. Ruffin*, 2015 WL 5050649 (Ohio App. 5th Dist. Aug. 24, 2015).

On September 21, 2015, Ruffin filed a *pro se* notice of appeal to the Supreme Court of Ohio.  (Doc. No. 4-1, Exh. 30.)  In his memorandum in support of jurisdiction, Ruffin set forth the following three propositions of law:

I.     The trial court erred and abused its discretion in not further inquiring in the probation violation, sentencing the appellant to consecutive sentence, for a violation occurring before sentence being journalized by the clerk, violating the appellant's right to due process under Crim. R. 32(C).

II.    Court erred, by not holding a hearing on motion to vacate plea. Violating Appellant's right to due process.

III.   Statement of constitution claim appellant's explicit right effective counsel under the 6th Amendment of the U.S. Constitution and Article 10 of the Ohio Constitution was violated. (sic).

(Doc. No. 4-1, Exh. 31.)  The State waived a response.  (Doc. No. 4-1, Exh. 32.)

6

On November 10, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4).  (Doc. No. 4-1, Exh. 33.)

## II.      Proceedings in this Court

On December 30, 2015, Ruffin filed his Petition for Writ of Habeas Corpus in this Court and asserted the following three grounds for relief:

> GROUND ONE:        The trial court erred and abused its discretion in not inquiring into probation violation, further sentencing the petitioner to consecutive sentences, for a probation violation before being placed on probation. Violating the Petitioner's right to due process under Crim. R. 32(C).
>
> GROUND TWO:        The Court erred, by not holding a hearing on motion to vacate plea violating the petitioner's rights to due process.
>
> GROUND THREE:     Statement of constitutional claim petitioner explicit right to effective counsel under the 6th Amendment of the U.S. Constitution and Article 10 of the Ohio Constitution was violated.

(Doc. No. 1.)

On March 10, 2016, Respondent Alan Lazaroff ("Respondent") filed a Return.  (Doc. No. 4.)  Ruffin thereafter filed his Traverse on March 31, 2016.  (Doc. No. 5.)

On August 15, 2016, Ruffin filed a motion for appointment of counsel, evidentiary hearing, and summary judgment.  (Doc. No. 6.)  Therein, Ruffin principally argues the merits of the three grounds for relief raised in his petition.  (*Id*.)

## V.  Review on the Merits

## A.      Legal Standard

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court.  *See Parker v. Matthews*, 132 S. Ct. 2148, 2012 WL 2076341, *6 (U.S. Jun. 11, 2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Shimel v. Warren,* — F.3d ----, 2016 WL 5299883 at * 7 (6th Cir. Sept. 22, 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court."  *Parker*, 2012 WL 2076341, *6; *Howes v. Walker*, 132 S.Ct. 2741, 2012 WL 508160 (2012).  *See also Lopez v. Smith*, ——– U.S. ——–, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.' " (quoting *Marshall v. Rodgers*, ——– U.S. ——–, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013))).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

8

the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  *See also Shimel*, — F.3d -----, 2016 WL 5219883 at * 7.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Williams v. Taylor,* 529 U.S. at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA.  *Id.* at 786 (internal quotation marks omitted).  The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785.  The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation

9

marks omitted).  Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*. at 786–87.  This is a very high standard, which the Supreme Court readily acknowledged.  *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

### 1.    Ground One

In his first ground for relief, Ruffin argues the state trial court violated his federal due process rights "in not inquiring into the probation violation [and] sentencing the Petitioner to consecutive sentences for a probation violation before being placed on probation."  (Doc. No. 1 at 4.)  He articulates his argument as follows:

> In this case the petitioner was sentenced to a suspended sentence pending assessment by the Stark Regional Community Correction Center, by the Honorable Judge Boggins.  On March 31, 2014, Probation Officer Will Kanter filed a poisonous motion to revoke the petitioner probation.  The action was performed prior to the judgment, being signed by Judge Boggins in accordance with Ohio Crim. R. 32 (C).  Officer Kanter and the petitioner never acknowledged the rules of probation nor signed the judgment entry. * * * The real question here is: Who violated the probation order, the Probation Officer Will Kanter or the petitioner, since there is no journal entry filed by the clerk, to make the sentence of probation effective? * * * This violates the petitioner's right to DUE PROCESS OF THE LAW. * * * The court erred and abused its discretion by signing the judgment entry after the fact that Officer Kanter had already breeched the plea agreement by filing the motion to revoke or modify the petitioner's probation, an order by The Honorable John Boggins, on March 17, 2014, at sentencing.

(Doc. No. 1 at 4-5) (citations to record omitted).  Ruffin further asserts "the court erred and abused its discretion by sentencing the petitioner to consecutive sentences for a probation violation that was filed before the actual sentence of probation became effective."  (*Id*.)  Finally, in his Traverse, Ruffin maintains "the sentence of 24 months consecutive to [Case No.] 2014 CR

10

0538 is grossly disproportionate when the sentence of probation was granted." (Doc. No. 5 at 5.)

Respondent argues "Ruffin's claims focus on the Ohio court's interpretation of Ohio law" and, therefore, are non-cognizable. (Doc. No. 4 at 10.) To the extent Ruffin has asserted a federal claim, Respondent maintains such claim fails because Ruffin's sentence was within the range permitted by Ohio law and is not grossly disproportionate to his crimes. (*Id*. at 11.) Finally, Respondent notes Ruffin failed to provide the state appellate court with a copy of the transcript of his probation revocation hearing. Although Ruffin attached a copy of that transcript to his Petition, Respondent asserts it is "not relevant to the question of whether or not the Ohio Court of Appeals' decision was reasonable in light of the record because it was not part of the record for that proceeding." (*Id*. at 11-12.) Citing *Cullen v. Pinholster*, 563 U.S. 170 (2011), Respondent states this Court, therefore, may not consider this transcript in considering Ground One because it was not considered by the state appellate court. (*Id*.)

Ruffin raised this claim on direct appeal to both the state appellate court and the Supreme Court of Ohio. The state appellate court considered this claim and rejected it as follows:

> {¶ 14} In his first assignment of error, Appellant argues the trial court erred and abused its discretion in failing to make further inquiry into the probation violation, in sentencing him to consecutive terms of imprisonment for a violation which occurred prior to the sentence being journalized. Appellant maintains his due process rights were violated.
>
> {¶ 15} Appellant has failed to provide this Court with a transcript of the June 16, 2014 revocation hearing.
>
> {¶ 16} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Lab* ., 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).
>
> {¶ 17} Because Appellant has failed to provide this Court with a transcript, we

11

must presume the regularity of the proceedings below and affirm.  It is the duty of the appellant to ensure the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 56.

{¶ 18} We note the trial court had pronounced sentence in the case *sub judice* prior to the probation department filing the motion to revoke.  Although the trial court may not have memorialized the sentence via judgment entry prior to the filing of the motion to vacate, Appellant clearly had been put on notice of the sentence and was given an opportunity to be heard at the June 16, 2014 revocation hearing.  We find no due process violation occurred.

{¶ 19} Appellant's first assignment of error is overruled.

*State v. Ruffin*, 2015 WL 5050649 at * 2-3.

To the extent Ground One asserts a violation of Ohio law, the Court agrees with Respondent that it is not cognizable on federal habeas review.  It is well-established that, in conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  As such, the Supreme Court has explained "it is not the province of a federal habeas court to reexamine state-court decisions on state-law questions."  *Id*. at 67-68.  *See also Bey v. Bagley*,500 F.3d 514, 519 (6th Cir. 2007); *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001).  Indeed, courts have consistently found that a habeas petitioner cannot challenge the interpretation and application of Ohio's sentencing laws, as "a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action."  *Rettig v. Jefferys*, 557 F. Supp.2d 830, 838 (N.D. Ohio 2007) (citing *Howard v. White*, 2003 WL 22146139, at *2 (6th Cir. 2003)).  *See also Linde v. Turner*, 2016 WL 1275729 at * 8 (N.D. Ohio March 4, 2016); *Rossbach v. Turner*, 2015 WL 3953063 at * 10 (N.D. Ohio June 29, 2015).

To the extent Ruffin asserts a federal due process violation based on the fact that the

probation department moved to revoke his community control sanctions before the original

sentencing entry was journalized, the Court finds this argument is likewise without merit.  The

Sixth Circuit has held "'[i]t is undisputed that convicted defendants. . . have a due process right to

a fair sentencing procedure.'" *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (quoting

*United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990)).  Here, the state appellate court found

no due process violation because "[a]lthough the trial court may not have memorialized the

sentence via judgment entry prior to the filing of the motion to vacate, [Ruffin] clearly had been

put on notice of the sentence and was given an opportunity to be heard at the June 16, 2014

revocation hearing."  *State v. Ruffin*, 2015 WL 5050649 at * 2-3.

The state appellate court's determination is not unreasonable or contrary to clearly

established federal law.  The state court record indicates that, when Ruffin was originally

sentenced to three years of community control on March 17, 2014, he was specifically advised

that "violation of any of the terms or conditions of this community control sanction shall lead to

either a more restrictive sanction, a longer sanction, or a prison term of thirty-six (36) months."

(Doc. No. 4-1, Exh. 13.)  Twelve days later, on March 29, 2014, Ruffin was again arrested and

charged with domestic violence.  The state court reflects the trial court thereafter conducted a

hearing on the probation department's motion to revoke probation in June 2014, at which both

Ruffin and his counsel were present and afforded an opportunity to be heard.  (Doc. No. 4-1, Exh.

16.)  While the original sentencing judgment entry was not physically entered until two (2) days

after the probation department moved to revoke Ruffin's community control sanctions, Ruffin has

not identified any clearly established federal law demonstrating his due process rights were

violated under the particular circumstances presented.

13

The Court also rejects Ruffin's argument that the imposition of consecutive sentences violated his due process rights.  Ruffin has not asserted his sentence falls outside the statutory range.  Courts have consistently held that "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992); *Townsend v. Burke*, 334 U.S. 736 (1948) ("The sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); *accord Kerr v. Smith*, 2009 WL 88054 at *15 (N.D. Ohio Jan.12, 2009) ("Claims which arise out of a state trial court's sentencing decision are not generally cognizable upon federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.") (quoting *Lucey v. Lavigne*, 185 F. Supp.2d 741, 745 (E.D. Mich.2001)). *See also Glenn v. Coleman*, 2014 WL 4983661 at * 20 (N.D. Ohio Oct. 6, 2014).  Here, Ruffin has not asserted or demonstrated that the trial court exceeded the maximum sentences authorized, either in sentencing him to three (3) years of community control sanctions during his original sentencing, or in sentencing him to twenty-four (24) months incarceration consecutive to his sentence of thirty-six (36) months incarceration in Case No. 2014 CR 0538.  *See also Nunez v. Brunsman*, 886 F.Supp.2d 765, 770 (S.D. Ohio 2012) (finding that the imposition of consecutive sentences does not violate due process); *Hoffman v. Tribley*, 2013 WL 1137353 at * 2 (E.D. Mich. March 19, 2013).

Moreover, the Court rejects Ruffin's argument that "the sentence of 24 months consecutive to [Case No.] 2014 CR 0538 is grossly disproportionate when the sentence of probation was granted."  (Doc. No. 5 at 5.)  While styled as a due process violation, a claim that a

14

sentence is unconstitutional because it is  "grossly disproportionate" is generally construed as alleging a violation of the Eighth Amendment.  It does not appear Ruffin fairly presented an Eighth Amendment claim to the state courts.  Nonetheless, any such claim is without merit.  The Supreme Court has determined that strict proportionality is not required between a crime and its punishment.  *Harmelin v. Michigan*, 501 U.S. 957, 959–960 (1991).  *See also United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).  Interpreting this "narrow proportionality principle," the Sixth Circuit has held "only an extreme disparity between crime and sentence offends the Eighth Amendment."  *Marks*, 209 F.3d at 583.  Consequently, "[a] sentence within the maximum set by statute generally does not constitute 'cruel and unusual punishment.'"  *Austin*, 213 F.3d at 302 (citing *United States v. Organek*, 65 F.3d 60, 62 (6th Cir.1995)).  As Ruffin's sentence fell within the statutory range, the Court finds it is not "extreme" or "grossly disproportionate" to the offenses he committed.  *See Thompson v. Williams*, 685 F. Supp.2d 712, 728 (N.D. Ohio 2010); *Morrison v. Warden, Richland Correctional Institution*, 2015 WL 7295432 at * 10 (S.D. Ohio Nov. 19, 2015); *Glenn*, 2014 WL 4983661 at * fn 16.

Lastly, Ruffin asserts his due process rights were violated because (1) state trial court Judge Taryn Heath was not assigned to the case when she signed the June 2014 sentencing entry;[4] and (2) Judge Heath was "not impartial and very personal in her discretion by including the gender of the victim and the petitioner in imposing her sentence."  (Doc. No. 5 at 5.)  Ruffin

---

[4] The state court docket reflects that Stark County Court of Common Pleas Judge Taryn Heath was assigned to Ruffin's underlying criminal case on October 18, 2013.  The docket then contains the following entry dated February 10, 2014: "Certificate of Assignment from Supreme Court: The Honorable John Francis Boggins." The reason for this reassignment is not apparent from the docket.  Despite this Certificate of Assignment, Judge Heath continued to intermittently preside over Ruffin's case and appears to have conducted the June 2014 revocation hearing. Respondent does not address this issue in the Return.

15

did not fairly present either of these arguments to the state courts on direct appeal to either the state appellate court or the Supreme Court of Ohio, and there is nothing in the Petition suggesting a state court remedy would be now available to Ruffin to raise either of these arguments.  Thus, these habeas claims are procedurally defaulted.[5]  Moreover, Ruffin has failed to demonstrate either cause or prejudice sufficient to overcome the default, nor has he come forward with any new or reliable evidence of actual innocence.

Nevertheless, even if the Court were to consider these arguments, it would find them to be without merit.  Ruffin's argument that his constitutional rights were violated when Judge Heath signed the sentencing entry despite the fact she was no longer assigned to the case raises an issue of state law and is not cognizable on federal habeas review.  With regard to Ruffin's argument his due process rights were violated because Judge Heath was biased during the June 2014 hearing, the Court rejects this argument.  Ruffin bases this argument on the following exchange during that hearing:

> THE DEFENDANT:  Um, I want to know if I could say something for — I mean I understand that the, the sentence is two, two years and it will run consecutive to the three-year sentence that Judge Werren gave me.  I mean I was asking if the Court can take into consideration that, um, on this case, you know, I, I turned myself in out to the county, you know, thinking that maybe that I would be charged with a lesser charge.  You know, I had an opportunity for trial, and I was placed on

---

[5]  A habeas petitioner may procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted.  *Engle v. Isaac,* 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, (1991); *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.")

16

|  | probation after pleading guilty to the case, then I was – you know, I, I was employed, holding a job.  I did, you know, basically everything they asked for me to do other than, you know, the– what went on in my trial.  And I was just asking the Court– you know, I have kids, you know, I have grandkids; I mean three years away from my kids already– I mean is there any chance that the Court is willing to consider some type of early release on the– on, on the two years after I complete the three years? |
|---|---|
| THE COURT: | You know, let's be real here; the reason you're going to prison is for assaulting women while you're on probation for a domestic violence charge.  I'm not saying someone can't change, and you're entitled to file whatever motions you file, but I'll be honest with you, right now I am pretty much incensed by your behavior, and you have no one else to blame but yourself for where you're at right now. |
|  | The – I – I'm, I'm saying that this is what my order is.  I have to consider any motions that are filed.  I always  – I read every motion for judicial release.  I look at everybody's record.  I will give it the due that it is required of me at the time, but I'm not making any promises whatsoever in that regard. |

(Doc. No. 1-2 at Page ID# 50.)

Upon review, the Court finds the above exchange does not demonstrate the trial court was biased.  The court correctly noted Ruffin was before the court because he was convicted by a jury of assaulting a woman while he was on probation for a separate domestic violence charge.  The court also noted, however, that it would consider any motions for judicial release and give it "the due that" was required.  Ruffin has not demonstrated that the trial court's remarks amount to violation of his federal due process rights.

Accordingly, and for all the reasons set forth above, the Court finds Ground One is

without merit and should be dismissed.[6]

### 2.    Ground Two

In his second ground for relief, Ruffin argues the state trial court violated his due process rights when it failed to conduct a hearing on his motion to vacate plea.  (Doc. No. 1-1 at 6.)  He asserts an evidentiary hearing was particularly necessary in light of his allegation he was under the influence of drugs and alcohol when he withdrew his not guilty plea and pled guilty.  (*Id.*)

Respondent asserts this Ground is non-cognizable, noting "Ruffin challenges the court's decision not to grant him a hearing before dismissing his motion to withdraw his plea, not the state court's decision to dismiss his motion."  (Doc. No. 4 at 14.)

As noted above, Ruffin (through counsel Jacob Will) filed a motion to vacate plea on May 16, 2014.  (Doc. No. 4-1, Exh. 17.)  Ruffin claimed he entered his plea without full knowledge of the penalties, stating "had he fully understood the ramifications of his plea, he would have pled not guilty and would have continued with the jury trial."  (*Id.*)  He further argued he had a defense to the charge; i.e., he and the victim were not "family or household members" as required by the domestic violence statute.  (*Id.*)  Three days later, Ruffin amended his motion to vacate to further assert that, at the time he entered his plea, he was under the influence of alcohol and drugs.  (Doc.

---

[6] Ruffin complains the Respondent improperly failed to include the transcripts in the habeas record, particularly the transcript of the June 2014 hearing on the motion to revoke probation. (Doc. No. 5 at 5.)  Respondent correctly notes neither this or any other transcript was before the state appellate court when it considered Ruffin's claim on the merits, due to Ruffin's failure to include it in the record on appeal.  Thus, Respondent asserts this Court is prevented from considering the transcript pursuant to *Cullen v. Pinholster*, 563 U.S. 170 (2011).  The Court need not decide this issue, however.  Ruffin attached a copy of the June 16, 2014 hearing on the motion to revoke probation as an Exhibit to this Petition.  *See* Doc. No. 1-2. Even considering the transcript, the Court finds no constitutional error for the reasons set forth above.

No. 4-1, Exh. 18.)  The State opposed the motions.  (Doc. No. 4-1, Exh. 19.)

The following month, on June 16, 2014, the state trial court conducted a hearing on the motion to revoke probation.  (Doc. No. 4-1, Exh. 16.)  At that time, the trial court revoked the community control sanctions and sentenced Ruffin to twenty-four (24) months in prison, consecutive to his sentence of thirty-six (36) months in *State v. Ruffin*, Stark County Case No. 2014 CR 0538.  (*Id.*)  Ruffin thereafter filed a *pro se* notice of appeal on July 25, 2014.  (Doc. No. 4-1, Exh. 21.)

Subsequently, on November 7, 2014, the trial court issued a judgment entry as follows:

This matter came before the Court upon the defendant's Motion for Appointment of Counsel.  This Court previously, on March 20, 2014, appointed Attorney Jacob Will to represent the defendant in the appeal of the present action.  Attorney Jacob Will filed on behalf of Defendant, a Motion to Vacate Plea and an Amended Motion to Vacate Plea.  Prior to this Court ruling on the aforementioned Motions, the defendant filed a Pro Se Notice of Appeal, Case No. 2014CA00137.  The defendant's pending appeal divests this Court of jurisdiction and therefore this Court is not able to rule on the Motion to Vacate Plea and the Amended Motion to Vacate Plea.  Following the defendant's filing of the Notice of Appeal, the defendant filed a Pro Se Motion for Appointment of Counsel.  Upon review, this Court hereby appoints Attorney Jacob Will to represent the above named Defendant in the pending Appeal, Case Number 2014 CA 00137.

(Doc. No. 4-1, Exh. 20.)

On direct appeal, the state appellate court addressed this issue as follows:

{¶ 20} In his second assignment of error, Appellant asserts the trial court erred in failing to conduct a hearing on his motion to vacate plea and amended motion to vacate plea.

{¶ 21} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty* * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit a defendant to withdraw his plea."  A defendant who seeks to withdraw a guilty plea after sentence must establish a manifest injustice.  See e.g. State v. Wilfong, 11th Dist. No.2010–L–074, 2011–Ohio–6512, ¶ 12.  "Manifest injustice is determined by examining the totality of the circumstances surrounding the

19

guilty plea. Paramount in this determination is the trial court's compliance with Crim.R. 11(C), evidence of which must show in the record that the accused understood his rights accordingly." *State v. Padgett*, 8th Dist. No. 64846, 1993 Ohio App. LEXIS 3374, *2, 1993 WL 243101 (Jul. 1, 1993).  A trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea unless the facts as alleged by the defendant suggest a manifest injustice would result if the plea was allowed to stand.  *State v. Britford*, 10th Dist. No. 11AP–646, 2012–Ohio–1966, ¶ 12.

{¶ 22} Upon review of the record, we find under the circumstances of this case, the trial court did not abuse its discretion in not conducting an evidentiary hearing on Appellant's motions.

{¶ 23} Appellant's second assignment of error is overruled.

*State v. Ruffin*, 2015 WL 5050649 at * 3.

In his Traverse, Ruffin asserts (and the state court docket reflects) the trial court revisited his Motion to Vacate Plea, issuing a Judgment Entry denying the motion on February 18, 2016.  (Doc. No. 5-1, Exh. C.)  In this Judgment Entry, which Ruffin attaches to his Traverse, the state trial court denied the motion as follows:

This matter came before the Court upon the defendant's Motion to Vacate Plea, filed May 16, 2014, and the defendant's Amendment Motion to Vacate Plea, filed May 19, 2014.

The Court notes that the defendant pled guilty to the crimes charged in the indictment, on February 25, 2014.  The Court then proceeded to conduct sentencing on March 17, 2014 following a presentence investigation.  The defendant was sentenced to three (3) years probation, with a suspended prison term of 36 months held in reserve.

Pursuant to Ohio law, "one who enters a guilty plea has no right to withdraw it." *State v. Xie*, 62 Ohio St. 3d 521, 526 (1992).  "Withdrawal of plea after sentencing is available only to correct a 'manifest injustice.'" *State v. Casey*, 2008-Ohio-560 (Ohio Ct. App. 5th Dist., Feb. 11, 2008).  Further, "where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea." *Id. citing Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).  This Court also has "the discretion to determine the good faith, credibility, and weight of the movant's assertions. . . . " Id.  citing

*State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).  "Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice*." Id. citing State v. Patterson*, 2004-Ohio-1569 (Ohio Ct. App. 5th Dist., March 22, 2004).

In the present action the defendant signed a plea form that no promises or threats had been made and that waived his Constitutional Right to require the State to prove his guilt beyond a reasonable doubt.  Additionally, the plea form indicates the defendant understood the penalties and was voluntarily pleading guilty.  The plea form signed by the defendant also states that the defendant had complete confidence in his lawyer and acknowledges that he effectively and diligently represented him.  Further, after signing said form, the Court had a long discussion with the defendant regarding his rights and the sentence in this case.  During that discussion, the defendant acknowledged that he understood what the sentence could be.

Upon review of Ohio law as well as the pleadings in the present matter, this Court finds that in viewing the totality of the circumstances it is clearly demonstrated that the defendant's plea was knowingly, intelligently, and voluntarily entered in compliance with Criminal Rule 11. This Court further finds that there has been no manifest injustice and the facts alleged by the defendant do not require a withdrawal of the defendant's guilty plea.

Based upon the foregoing the Court finds the defendant's motion to vacate his guilty plea not well-taken and hereby DENIES same.

(Doc. No. 5-1.)

The Court finds that, to the extent Ruffin claims he is entitled to relief because the trial court erred under Ohio law in denying his motion to withdraw guilty plea without a hearing, Ruffin raises a state law issue that is not cognizable in these federal habeas proceedings.  *See, e.g., Xie v. Edwards*, 1994 WL 462143 at * 2 (6th Cir. Aug. 25, 1994) (holding that "the district court properly found that whether the trial court abused its discretion in denying Xie's motion to withdraw his plea is a question governed by Ohio's statutes and case" and, therefore, "cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair").  *See also Nicholson v. LaRose*, 2015 WL 1757898 at * 15 (N.D. Ohio

April 17, 2015); *Johnson v. Warden, Lebanon Correctional Institution*, 2014 WL 935222 at * 4 (S.D. Ohio March 10, 2014); *Rice v. Welch*, 2014 WL 4794585 at * 23 (N.D. Ohio Sept. 23, 2014); *Schmidt v. Coleman*, 2012 WL 5878856 at * 11 (N.D. Ohio Oct. 29, 2012); *Dickey v. Warden, Lebanon Correctional Inst*., 2010 WL 92510 at * 7 (S.D. Ohio Jan. 6, 2010).

Moreover, there is no federal constitutional right to withdraw a guilty plea.  *See e.g., Hynes v. Birkett,* 2013 WL 1955886 at * 5 (6th Cir. May 14, 2013); *Nicholson*, 2015 WL 1757898 at * 15; *Jones v. Sheldon*, 2014 WL 1493137 at * 3 (N.D. Ohio April 11, 2014); *Schmidt*, 2012 WL 5878856 at * 11; *Moorer v. Warden, Marion Corr. Facility*, 2012 WL 3579645 at * 5 (N.D. Ohio July 23, 2012); *Dickey*, 2010 WL 92510 at * 8; *Akemon v. Brunsman*, 2007 WL 2891012 at *12 (S.D. Ohio Sept. 28, 2007).  *See also United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2nd Cir. 1970), *cert. denied*, 402 U.S. 909, 91 S.Ct. 1385, 28 L.Ed.2d 651 (1971).  Nor does a criminal defendant have a constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea.  *See Moorer*, 2012 WL 3579645 at * 4 (citing *Hines v. Miller*, 318 F.3d 157, 162 (2nd Cir. 2003)).  Thus, the decision whether to permit a defendant to withdraw a guilty plea is committed to the state trial court's discretion, which generally is not a basis for federal habeas relief.  *See Scott*, 429 F.2d at 109–10; *Jones*, 2014 WL 1493137 at * 3.

Here, Ruffin asserts only that the state court erred in denying his motion to vacate plea without first holding a hearing.[7]  As set forth above, this claim is not cognizable in federal habeas proceedings.  Moreover, Ruffin has not directed this Court to anything in the record

---

[7] In his Petition, Ruffin has not asserted constitutional error on the grounds his plea was not knowing, intelligent, or voluntary.

demonstrating that the trial court's decision not to hold an evidentiary hearing rendered the proceedings "fundamentally unfair."  Accordingly, and for all the reasons set forth above, the Court finds Ground Two is without merit.

**3.      Ground Three**

In his third and final ground for relief, Ruffin argues defense counsel Jonathan Morris was ineffective in advising him to plead guilty to the charge of domestic violence.  (Doc. No. 5 at 7.)  He asserts that:

> The petitioner's counsel advised him to plead guilty to one count of domestic violence.  Although counsel knew the petitioner was married and living with his spouse for the last five years.  Knowing this to be true, the State of Ohio would have had to prove all elements of domestic violence against Tesha Pickard; who had no relationship nor was a household member to the petitioner.  If the petitioner was not advised to plead guilty by his attorney and had continued with the trial, a different outcome would have occurred, *Strickland v. Washington*, 446 U.S. 668 (1984).

(Doc. No. 1-1 at 6.)  Additionally, in his Traverse, Ruffin asserts ineffectiveness on the part of defense counsel Jacob Will, who filed Ruffin's motion to vacate plea and represented him during the probation revocation hearing.  (Doc. No. 5 at 8.)  Specifically, Ruffin claims Mr. Will was ineffective because he (1) "advised [Ruffin] to stipulate to probable cause to a violation occurring before the sentence of probation became effective and failed to object;" and (2) "failed to object to consecutive sentences when he knew it was grossly disproportionate to the crime because he is the one whom suggested the motion to vacate guilty plea."  (*Id.*)

Respondent argues Ruffin failed to demonstrate either prong of *Strickland* with respect to Mr. Morris' representation during plea negotiations, arguing "defense counsel performed admirably in negotiating the sentence from a potential three-year prison term down to three years of community control."  (Doc. No. 4 at 17.)  Respondent does not address Ruffin's

23

arguments with respect to Mr. Will, as they were not raised until the Traverse.

"[T]he Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Carley v. Hudson*, 563 F. Supp.2d 760, 771 (N.D. Ohio 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).  Under *Strickland*, a petitioner must demonstrate the following: (1) "counsel's representation fell below an objective standard of reasonableness;" and, (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).  To satisfy the second prong in the guilty plea context, a petitioner "must show that there is a reasonable probability that but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58–59.  *See also Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013).

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010).  Indeed, the Supreme Court has repeatedly emphasized the high degree of deference afforded state court adjudications of *Strickland* claims:

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error ... beyond any possibility for fairminded disagreement.' *Harrington v. Richter*, 562 U.S. ——, ——, 131 S.Ct. 770, 786–787, 178 L.Ed.2d 624 (2011). 'If this standard is difficult to meet'-and it is-'that is because it was meant to be.' *Id*. at ——, 131 S.Ct., at 786.  We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunctio[n]' for which federal habeas relief is the remedy.' *Id*. at ——, 131 S.Ct., at 786 (internal quotation remarks omitted).

*Burt v. Titlow*, —— U.S. ——, ——————, 134 S.Ct. 10, 15–16, 187 L.Ed.2d 348 (2013).

24

Thus, "[w]hen a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt."  *Id*. at 13 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011)).  *See also Hodges*, 727 F.3d at 534 ("'The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'") (quoting *Richter*, 131 S.Ct. at 788).

Here, Ruffin raised ineffective assistance of trial counsel during plea negotiations on direct appeal to both the state appellate court and Supreme Court of Ohio.  The state appellate court addressed this claim and rejected it on the merits, as follows:

> {¶ 24} In his third assignment of error, Appellant raises a claim of ineffective assistance of trial counsel.  Specifically, Appellant contends Attorney Jonathan Morris was ineffective for advising him to plead guilty because the state would not have been able to prove he and the alleged victim were "family or household members", which was an essential element of the crime charged, as Appellant was married and living with his spouse at the time of the offense.

> {¶ 25} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test.  Initially, a defendant must show that trial counsel acted incompetently.  *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

> {¶ 26} "There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way."  *Strickland*, 466 U.S. at 689.  The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id*. at 690.

> {¶ 27} Even if a defendant shows that counsel was incompetent, the defendant

25

must then satisfy the second prong of the *Strickland* test.  Under this "actual prejudice" prong, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶ 28} Decisions which constitute trial strategy do not generally rise to the level of ineffective assistance of counsel.  A reviewing court must adopt a deferential attitude to the strategic and tactical choices counsel made as part of a trial strategy. *State v. Griffie*, 74 Ohio St.3d 332, 333, 658 N.E.2d 764 (1996).

{¶ 29} We find counsel's advising Appellant to plead guilty was a decision made as part of a sound strategy, and is to be given deference on review.  Appellant was originally placed on community control despite having two prior domestic violence convictions.  This outcome was far better than the potential prison term Appellant could have received.  Further, Appellant has not demonstrated, but for any presumed error on the part of trial counsel, the outcome would have been otherwise as this record does not affirmatively demonstrate the victim was not a "family or household member" as statutorily defined.

{¶ 30} The third assignment of error is overruled.

*State v. Ruffin*, 2015 WL 5050649 at *3-4.

The Court finds the state appellate court's determination, above, was neither contrary to nor an unreasonable application of clearly established federal law under the doubly deferential standards of § 2254(d) and *Strickland*.  The United States Supreme Court has emphasized that, in determining whether counsel performed deficiently under *Strickland*, "[w]e begin with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy." *Pinholster*, 131 S.Ct. at 1404 (quoting *Strickland*, 466 U.S. at 689).  Indeed, *Strickland* commands reviewing courts to "affirmatively entertain the range of possible 'reasons [defense] counsel may have had for proceeding as they did,'" *Pinholster*, 131 S.Ct. at 1407, and "indulge [the] strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 689-90, 692.  *See also McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) ("Strategic choices by counsel, while not necessarily

26

those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation.")

Here, the record reflects Ruffin had numerous previous convictions for violent offenses, including domestic violence and aggravated assault.  Under these circumstances, it was not unreasonable for the state appellate court to determine that Mr. Morris' advice that Ruffin accept a plea constituted sound legal strategy.  Indeed, Mr. Morris successfully negotiated a plea for Ruffin that did not involve any prison time for a charged offense of third degree felony domestic violence, absent violation of community control sanctions.  The fact that Ruffin violated his community control sanctions less than one month after pleading guilty and thereafter faced a more severe sentence, was a problem wholly of his own making and not indicative of deficient representation on the part of Mr. Morris.  Moreover, the Court finds it was not unreasonable for the state appellate court to determine Ruffin had failed to demonstrate prejudice under the second prong of *Strickland* in light of the lack of any evidence in the record affirmatively demonstrating  the victim was not a "family or household member" as statutorily defined.  This argument is, therefore, without merit.

The Court also rejects Ruffin's claim of ineffective assistance of counsel based on Mr. Will's representation during probation revocation proceedings.  Ruffin did not raise this claim on direct appeal in the state courts and there is nothing in the Petition suggesting a state court remedy would be now available to Ruffin to raise this argument.  Thus, the Court finds this claim is procedurally defaulted.  *See Engle,* 456 U.S. 107 at 125, fn. 28 (1982) (holding that if, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted).  *See also Lovins*, 712 F.3d at 295 ("a claim is procedurally defaulted

27

where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.")  Moreover, Ruffin has failed to demonstrate either cause or prejudice sufficient to overcome the default, nor has he come forward with any new or reliable evidence of actual innocence.  Accordingly, the Court finds this ineffective assistance claim should be dismissed as procedurally defaulted.

Moreover, even if the Court were to consider this claim, it would find it to be without merit.  Ruffin has failed to demonstrate deficient representation under *Strickland* on the basis of Mr. Will's advice that Ruffin stipulate to probable cause to the probation violation "before the sentence of probation became effective."  (Doc. No. 5 at 8.)  As noted above, although the sentencing entry was not journalized until two days after the probation department moved to revoke Ruffin's community control sanctions, the record reflects Ruffin was specifically advised at his March 2014 sentencing that violation of community control could lead to the imposition of up to thirty-six (36) months in prison.  Thus, the Court finds Mr. Will's representation did not fall below an objective standard of reasonableness when he failed to object on this basis.

The Court also finds Ruffin has failed to demonstrate deficient representation with respect to Mr. Will's alleged failure to object to the imposition of consecutive sentences on the grounds of "gross disproportionality."  Ruffin has not asserted or demonstrated that his sentence fell outside the statutory range.  Moreover, given Ruffin's criminal history, the Court cannot say Mr. Will's failure to object on this basis fell below an objective standard of reasonableness.

Thus, and for all the reasons set forth above, the Court finds Ground Three is without merit and should be dismissed.

### VI.  Motions for Evidentiary Hearing, Appointment of Counsel and Summary Judgment

28

On August 15, 2016, Ruffin filed a motion for appointment of counsel, evidentiary hearing, and summary judgment.  (Doc. No. 6.)  Therein, Ruffin principally argues the merits of the three grounds for relief raised in his petition.  (*Id.*)   Respondent did not file a response.

## A.      Evidentiary Hearing

In his motion, Ruffin summarily requests this Court conduct an evidentiary hearing.  He does not offer any specific reasons, however, why he believes a hearing is warranted in the instant case.  (Doc. No. 6.)

A habeas petitioner's entitlement to an evidentiary hearing is federal court is greatly circumscribed, particularly where the petitioner seeks review of claims adjudicated by the state courts.  *See* 42 U.S.C. § 2254(e)(2); *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398 (2011) (finding that "review under § 2254 is limited to the record that was before the state court that adjudicated the claim on the merits").  After careful review, the Court finds an evidentiary hearing is not warranted in this matter.  Each of Ruffin's three habeas claims involve legal issues which can be independently resolved without additional factual inquiry.  Ruffin's request for an evidentiary hearing is, therefore, **DENIED**.

## B.      Appointment of Counsel

A petitioner in a habeas proceeding generally has no constitutional right to counsel.  *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Rules 6 and 8 of the Rules Governing Section 2254 Cases require a court to appoint counsel for an indigent petitioner when an evidentiary hearing is required or when necessary for the petitioner's effective utilization of discovery.  *See* 28 U.S.C. § 2254 Rules 6(a), 8(c) (2014).  In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel.  *See Gorrasi v. Warden,*

*Pickaway Correctional Inst.*, 2012 WL 4342624 at * 1 (S.D. Ohio Sept. 21, 2012) (citing *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)). *See* 28 U.S.C. § 2254(h) ("Appointment of counsel under this section shall be governed by section 3006A of title 18.");  18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [§ 2254].")

In deciding whether to grant a petitioner's motion for appointment of counsel, a court should consider the following factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.  *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

Here, Ruffin does not offer any specific reasons why he believes he is entitled to appointment of counsel.  He does not assert that he labors under disabilities unusual for a *pro se* petitioner; nor do the issues raised in his petition seem unusually complex.  The Court recognizes the difficulties *pro se* litigants face when seeking a writ of habeas corpus.  Nevertheless, the court has extremely limited resources to provide attorneys for *pro se* litigants, and it will do so only when exceptional circumstances warrant.  As Ruffin has not identified any such exceptional circumstances in this case, his request for appointment of counsel is **DENIED**.

## C.    Summary Judgment

Lastly, Ruffin argues this Court should enter summary judgment in his favor on his three habeas claims.  His arguments are entirely duplicative of the arguments raised in his Petition and

Traverse.  Accordingly, Ruffin's motion for summary judgment should be denied for the reasons set forth in Section V of this Report & Recommendation.

Therefore, Ruffin's motion for appointment of counsel, evidentiary hearing, and summary judgment (Doc. No. 6) should be DENIED for all the reasons set forth above.

### VII. Conclusion

For all the reasons set forth above, it is recommended that (1) Ruffin's motion for appointment of counsel, evidentiary hearing, and summary judgment (Doc. No. 6) be DENIED; and (2) the Petition be DISMISSED.


Date:   November 1, 2016                     *s/ Jonathan Greenberg*
                                             Jonathan D. Greenberg
                                             United States Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**