UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                        :
ARTHUR J. RUFFIN,                                       :    Case No. 5:15-cv-2718
                                                        :
         Petitioner,                                    :
                                                        :
    vs.                                                 :    OPINION & ORDER
                                                        :    [Resolving Doc. Nos. 1, 6, 7, 10]
ALAN LAZAROFF,                                          :
                                                        :
         Respondent.                                    :
                                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Arthur J. Ruffin seeks a writ of habeas corpus under 28 U.S.C. § 2254 to vacate his Ohio domestic violence conviction and sentence.[1] Petitioner Ruffin also filed motions seeking an evidentiary hearing, appointment of counsel, and summary judgment.[2] On November 1, 2016, Magistrate Judge Jonathan D. Greenberg recommended that this Court dismiss Ruffin's habeas petition and deny his motions.[3] Petitioner objected to the Magistrate's Report and Recommendation ("R&R").[4]

This Court agrees with Magistrate Judge Greenberg. Therefore, the Court **ADOPTS** the Magistrate Judge's R&R, **DISMISSES** Ruffin's habeas corpus petition, and **DENIES** Ruffin's motions for an evidentiary hearing, appointment of counsel, and summary judgment.

---

[1] Doc. 1-1.
[2] Doc. 6.
[3] Doc. 7.
[4] Doc. 10.

Case No. 5:15-cv-2718
Gwin, J.

## I. Background

On February 25, 2014, Petitioner Ruffin pled guilty to domestic violence in violation of Ohio Rev. Code § 2919.25(A).[5] On March 17, 2014, an Ohio court sentenced Ruffin to three years of community control[6] and "journalized" its judgment on April 2, 2014.[7]

On March 29, 2014, four days before Ruffin's sentence was journalized, police arrested and charged Ruffin with a new domestic violence charge.[8] In response, on March 31, 2014, the Ohio Probation Department filed a motion to revoke Ruffin's March 2014 community control and to modify his sentence.[9]

In May, Ruffin moved to withdraw his February 25, 2014, guilty plea.[10]

After a hearing on June 16, 2014, the trial court found that Petitioner Ruffin had violated the terms of his probation and resentenced him to 24 months' incarceration.[11]

After exhausting his state court appeals, Ruffin petitioned this Court for habeas relief.[12] With his habeas petition pending, Ruffin also filed motions seeking an evidentiary hearing, appointment of counsel, and summary judgment.[13] Magistrate Judge Greenberg issued a R&R recommending this Court dismiss the petition and deny the motions.[14] Petitioner Ruffin made three objections to the R&R.[15] This Court now considers his objections.

---

[5] Doc 4-1 at 28-29.
[6] *Id.* at 42-50.
[7] *Id.* at 42. A sentence is journalized when the clerk of the court officially enters the sentence.
[8] *Id.* at 51.
[9] *Id.* at 51-52.
[10] *Id.* at 59-63.
[11] *Id.* at 55-56.
[12] Doc. 1-1.
[13] Doc. 6.
[14] Doc. 7.
[15] Doc. 10.

-2-

Case No. 5:15-cv-2718
Gwin, J.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of an R&R to which the parties have made an objection.[16] The parties must raise specific objections to the R&R because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object."[17]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a district court shall not issue the writ of habeas unless a state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States."[18] Unless a "conviction violated the Constitution, laws, or treaties of the United States,"[19] "a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action."[20]

## III. Analysis

Petitioner Ruffin makes four objections to the R&R. First, Petitioner says that the trial court violated his constitutional due process rights when the state resentenced him to two years of incarceration after Ruffin violated the terms of his Ohio community control sanction. Second, Ruffin says that the trial court should have held a hearing when he moved to vacate his plea. Third, Ruffin argues that ineffective assistance of counsel caused him to enter into a harmful plea

---

[16] 28 U.S.C. § 636(b) (1).
[17] *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).
[18] 28 U.S.C. § 2254(d)(1); see also *Williams v. Taylor*, 529 U.S. 362 (2000) (Section 2254(d) requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law as determined by the Supreme Court of the United States that prevails").
[19] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).
[20] *Rettig v. Jefferys*, 557 F. Supp. 2d 830, 838 (N.D. Ohio 2007).

Case No. 5:15-cv-2718
Gwin, J.

agreement. Finally, he says this Court should grant his motions for an evidentiary hearing, appointment of counsel, and summary judgment. These arguments lose.

> A. *The Petitioner fails to show that the trial court violated his due process rights when it resentenced him*

Petitioner says that the trial court violated his constitutional due process rights when it resentenced him "for a probation violation before . . . plac[ing the Petitioner] on probation."[21] Ruffin notes that the probation office filed a motion accusing him of violating his probation on March 31, 2014, when in fact the trial court did not journal his sentence for community control until April 2, 2014. He says he cannot have violated his parole based only on the trial court's March 17, 2014 sentencing because "[a] judgment is effective only when entered on the journal by the clerk."[22] This argument loses.

As Ruffin concedes, this Court cannot review complaints about a state court's application of state law.[23] Instead, this Court must review Ruffin's sentencing for violations of clearly established federal law.[24] Ruffin does not cite, nor can this Court independently find, any federal authority holding that the trial court violated Ruffin's Fourteenth Amendment due process rights when it resentenced him. Even if Ruffin might show a violation of Ohio procedural rules, he does not show any such violation violates federal law.

The record shows Ruffin received due process throughout his resentencing. On March 17, 2014, the trial court gave Ruffin notice that "violation of any of the terms . . . [of] community control shall lead to either a more restrictive sanction, a longer sanction, or a prison term of

---

[21] Doc. 10 at 4.
[22] Ohio R. Crim P. 32(C).
[23] Doc. 10 at 7 ("Accordingly, Ground One is purely a question of the denial of due process not a question of state law."); *see also*, *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).
[24] *Id.*

-4-

Case No. 5:15-cv-2718
Gwin, J.

thirty-six months."[25] After police arrested Ruffin for another domestic violence incident on March 27, 2014, the probation department filed a motion to revoke community control on March 31, 2014. On June 16, 2014, the trial court held a hearing where it revoked community control and resentenced Ruffin to two years of incarceration. The trial court did not violate clearly established federal law as Ruffin received notice, a hearing, and due process at each stage of his resentencing.

> B. *The Petitioner fails to show that the trial court violated his due process rights when it did not conduct a hearing on his motion to vacate plea*

Ruffin says the trial court violated his federal due process rights when it failed to conduct a hearing on his motion to vacate his plea.[26] There is "no federal due process right to seek to withdraw a plea"[27] and Petitioner cites no authority to suggest his circumstances are exceptional. His objection loses.

> C. *Ruffin's ineffective assistance of counsel claim fails*

At his June 16, 2014, sentencing, the Petitioner stipulated that there was "probable cause" he violated his probation. Ruffin says his counsel Jacob Will recommended making this stipulation, instead of arguing that Ruffin could not have violated his probation because the alleged violation occurred before the trial court journaled his probation.[28]

Ruffin procedurally defaulted his ineffective assistance of counsel claim against Mr. Will because he failed to raise the claim during his state appeals and only raised it in his federal habeas petition.[29] Petitioner says he did not make a state appeal because he only recently

---

[25] Doc. 4-1 at 47-48.
[26] Doc. 10 at 8.
[27] *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013).
[28] Doc. 10 at 9-10.
[29] Two different lawyers, Jonathan Morris and Jacob Will, represented the Petitioner. Petitioner did make an ineffective assistance claim against Mr. Morris in his state court appeals, but he did not object to Magistrate Judge Greenberg's recommendation to deny the claim against Mr. Morris.

-5-

Case No. 5:15-cv-2718
Gwin, J.

discovered Mr. Will's mistake.[30] This explanation is implausible because Ruffin has raised arguments about the journaling of his sentence from the outset of his state appeals.[31]

Ruffin also loses on the merits of his objection. Under *Strickland v. Washington*,[32] to make an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Courts "begin with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy.'"[33] Here, the Petitioner had multiple domestic violence convictions[34] and, ten days after his sentencing, he was arrested again for domestic violence. Weighing the timeline of events, Ruffin's history of domestic violence, and the possibility of three years' incarceration,[35] it made strategic sense for the Petitioner to stipulate to probable cause for violating probation. Ruffin's objection loses.

> D. *Petitioner's motions for an evidentiary hearing, appointment of counsel, and summary judgment are denied*

Magistrate Greenberg recommended dismissing Ruffin's motions seeking an evidentiary hearing, appointment of counsel, and summary judgment.[36] Petitioner raises no specific objections to the Magistrate's recommendation. This Court agrees with Magistrate Greenberg and dismisses Ruffin's motions.

---

[30] Doc. 10 at 8 ("It wasn't until Ruffin came to prison before he learned a small portion of the law that clearly demonstrates his conviction is void.").
[31] *See State v. Ruffin*, WL 5050649 at *2 (Ohio Ct. App., Aug. 24, 2015).
[32] 466 U.S. 668, 686 (1984).
[33] *Cullen v. Pinholster*, 563 U.S. 170, 191 (2011) (citing *Strickland*, 466 U.S. at 689).
[34] *Ruffin*, WL 5050649 at *4.
[35] Doc. 4-1 at 47-48.
[36] Doc. 7 at 28-31.

-6-

Case No. 5:15-cv-2718
Gwin, J.

## IV. Conclusion

For the reasons stated in this opinion, the Court **ADOPTS** the Magistrate Judge's R&R, **DISMISSES** Ruffin's habeas corpus petition, and **DENIES** Ruffin's motions for an evidentiary hearing, appointment of counsel, and summary judgment.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.[37]

IT IS SO ORDERED.

Dated:  January 24, 2017                          *s/        James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[37] Fed. R. App. P. 22(b); 28 U.S.C. § 2253.